79,060-02

IN THE COURT OF CRIMINAL APPEALS
STATE OF TEXAS
Writ No.79,060-02
[CR 00-170-B]

§

EX PARTE,

   Keith Trenard Booker

§

§

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 08 2015

Abel Acosta, Clerk

AFFIDAVIT OF KEITH TRENARD BOOKER

State of Texas

County of Coryell

I Keith Trenard Booker ,am the affiant,am over the age of 18,mentally compe-
tent capable of making this affidavit,and testify truthfully that:

(1)The 235TH District Court of Cooke County,Texas was ordered by this court on
February 25TH,2015 to hold an evidentiary hearing and enter a finding of facts
and have counsel answer by affidavit to the allegations of ineffective assist-
ance of counsel as alleged in my Writ of Habeas Corpus 11.07.

(2)Without holding an evidentiary hearing or requiring trail counsel to answer
to each and every allegation of ineffective assistance of counsel,or giving me
the opportunity to respond to Counsel's affidavit,and without reviewing the
trial record which supports my ineffective assistance of counsel claims,trial
court accepted a two page affidavit which addressed(1)Why he allowed the State
to amend the indictment on the day of trial before trial began,in which coun-
sel falsely alleged that I agreed to the amendment knowing that I did not,and
I stated in my application that I did not and stand by my application.I **did
not want the state to be allowed to amend the indictment** because without the
amendment they did not have enough drug evidence to try the case and counsel's
erroneous statement that the amendment was a lesser included offense was not
the truth I was charged with possessing over 200 under 400 grams and nothing
else so there was no lesser included offense,and the State did not have over
200 grams I heard the prosecutor tell my attorney that without the amendment
they did not have enough evidence to try the case.That's when I told him not
to let them **and let's get it over with by objecting to the amendment.**That's
when my attorney went off to the side and spoke with the prosecutor and then

and spoke with the judge without me being able to hear what was being discussed and then the judge told me that my counsel was the only person allowed to speak on my behalf and he wanted no outburst from me,if I wanted to speak it had to be through my counsel.That's when they went on the record and agreed to the amendment.Me and my attorney had a big disagreement about that,and after he spoke with the State again he did nothing to challenge the drug evidence.

(3)Counsel's affidavit does not cover the allegations as to him(a)failing to have an independent drug test conducted,but he stated that his investigation consisted of reviewing all the discovery provided by the prosecutor(b)His failure to challenge the admission into evidence the drug evidence without requiring the State to establish a proper chain of custody(c)allowing the State to allow the Lab Report to be introduced into evidence in absence of the chemist that prepared the report(knowing that under Texas Jurisprudence and long before Crawford(Supra)lab reports could not be introduced into evidence without testimony of the chemist that prepared the report)no chemist testified at my trial,I plead not guilty therfore,the State had the burden to prove it's case yet the record reflects counsel did nothing to test the merits of the State's case and that counsel allowed for me to be convicted of possession of cocaine(a key issue was whether or not the substance was cocaine)without any expert to testify and identify the substance as cocaine. None of this was addressed in counsel's affidavit and was a major issue because cocaine is scientific evidence and can only be identified by expert(chemist)counsel's failure to do anything to subject the State's case to a meaningful adversarial process in regards to the drug evidence permitted the jury to consider unreliable drug evidence and and unsponsored Lab report to be considered by the jury in it's determining whether or not to find me guilty. That in itself is ineffective assistance which actually amounted to no assistance and without a fair hearing the court has recommended that I be denied relief instead of reviewing the trial record which I cited in my application in the facts to support my allegations.

(4)Counsel's affidavit contains many false statements attributed to me such as I wanted to get probation I never wanted to plead guilty period,and we had no

trial strategy he wanted me to plead guilty and was not prepared for trial, and did nothing to prepare for trial.The record reflects he was unfamiliar with the Rules of evidence if so he could have easily challenged the drug evidence and prevented it from being used.

And that one factor still remains **no competnet attorney is going to allow the State to amend the indictment on the day of trial before trial begins knowing that a simple objection would prevent the case from being tried period,** the State would have had to dismiss the case for lack of sufficient evidence to secure the conviction which was a fact in my case.

(5)Prior to trial I did not know that Lisa Ford my co-defendant was the infromant in this case and neither di my attorney until the Investigator said that she was and she admitted she told them there was drugs in her home.

(6)While my attorney argues that I did not have standing to challenge the search of my girlfriends home there was evidence that I was staying there which Mr.Cox chose to over look and I told him to challenge the Arrest warrant which was made apart of the Search Warrant affidavit,Lisa Fords name was not on the affidavit for search/arrest warrant my name was.He just chose to do nothing to test the merits of the State's case it wasn't a complicated case. Without probable cause there was no grounds to seek an arrest warrant,and to falsify the affidavit to search/arrest me was grounds to have that affidavit suppressed which would have invalidated the search and the evidence obtained through the search.Mr.Cox knew that he did not provide me with effective assistance even when I begged him not to allow the State to amend,he did so anyway and now he has made the false statement **we agreed to it.**

I have written this affidavit not only to contest my trial counsel's affidavit but to show this Honorable Court that,I was not permitted to participate in the quest for the truth concerning my counsel's representation,and to request the court to review the trial transcript because it speaks the truth,and upon finding that the record(statement of facts)trial record,shows that I am entitled to relief due to counsel's ineffectiveness that my writ be granted.

I recieved the courts order and counsel's affidavit June 29,2015 and am sending this affidavit on this July 6,2015.

I Keith Trenard Booker,declare under the penalty of perjury that I am the Affiant,have read this affidavit and it is true and correct to the best of my recollection knowledge and belief.

Signed this  6TH day of July  ,1025.

_Keith T. Booker_

Signature

Keith T. Booker TDCJ-ID No. 1091822

Rt.2 BOX 4400,Hughes Unit
Gatesville,Texas,76597